1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  LEXI NEGIN, Bar #250376
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, California 95814
   Telephone: (916) 498-5700
5
   Attorney for Defendant
6  DONALD RECTOR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10- CR-045 JAM |
| Plaintiff, | |
| v. | STIPULATION AND ORDER AFTER HEARING REGARDING FORENSIC EXAMINATION OF COMPUTER MEDIA |
| DONALD RECTOR, | |
| Defendant. | |

On November 9, 2010, the Court held an evidentiary hearing on defendant's Motion to Compel Discovery. After the testimony of defense expert Josiah Roloff and FBI Agent Tom Osborne, the parties agreed to stipulate to certain protocols for a forensic examination to occur at the FBI High Tech Crimes Laboratory in Sacramento, California. The goal of the protocols is for the government to provide the defense expert and counsel with "ample opportunity for inspection, viewing, and examination" of the evidence in this case in accordance with 18 U.S.C. § 3509(m)(2)(B) so that the defense may prepare for trial. Without prejudice to the defense to later move to compel a copy of the media if such agreed upon protocols do not provide "ample opportunity for inspection, viewing, and examination", the parties stipulate to the following:

1. The FBI shall make a duplicate copy of the hard drive and any other storage media available for defense analysis.

2. The duplicate copies of the hard drive and storage media shall be made available to Josiah Roloff, other employees of Global CompuSearch and employees of the Office of the Federal Defender working on Mr. Rector's case (hereinafter "defense team") beginning on February 7, 2011 at the FBI's High Tech Crimes Laboratory in Sacramento, California. No one will view the contraband images on the storage media aside from members of the defense team and only if the viewing is necessary to prepare the defendant's defense.

3. The FBI will provide the defense team with a private room for the examination. No government agents will be present inside the room during the examination. Upon 12 hours notice, the FBI will provide the defense team access to the private room 24 hours per day, 7 days per week.

4. As indicated in government's exhibit #1 at the hearing, the FBI will provide three computers in the private room for the defense team use as follows: 2 Dell Precision T7400 Dual XEON Quad CPUs (8 cores total) with at least 8GB Ram and Windows XP x64; and,1 HP d530 PC with unmonitored internet access. The FBI will install certain software applications on the 2 Dell computers at the defense request and ensure that there are no licensing issues with any installed software. The parties will work together to determine what specific software will be installed by the FBI. With advance notice and approval of the FBI, the defense team may install its own software on any the three computers. At no time will any law enforcement or government agent review or monitor any activity of the three stand alone computers in the private room.

5. The defense team will be allowed use of private cellular telephones when in the private room.

6. The defense team will be permitted to bring whatever equipment, books, or records it believes may be necessary to conduct the examination;

7. No member of the defense team shall remove the hard drive or other storage media from the confines of the law enforcement office.

8. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the defense team may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered. The defense team will certify in writing (using the attached

certification), that it has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that it has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files.

9. Except when a defense expert fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any fashion any of the items used by the defense team in order to conduct the defense analysis. Should a defense team member fail to certify that she/he has not copied or removed child pornography, or data capable of being converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

10. When the defense indicates that it is finished with its review of the copy of the hard drives, the drive(s) or other storage devices shall be "wiped" clean.

11. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

Upon consideration of the stipulation of the parties, the defense Motion to Compel Discovery is DENIED, without prejudice. It is hereby ORDERED that the defense team will have access to the computer media as stipulated above.

DATED: January 13, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. 10- CR-045 JAM |
|---|---|---|
| Plaintiff, | ) | CERTIFICATION |
| v. | ) | |
| DONALD RECTOR, | ) | |
| Defendant. | ) | |
| _____ | ) | |

CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any images of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____    _____